# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREL SPIKES,<br><br>    Plaintiff,<br><br>v.<br><br>ABU NOAH INVESTMENTS, LLC, *et al.*,<br><br>    Defendants. | Case No. 19-cv-01672-BAS-WVG<br><br>**ORDER SETTING ASIDE ENTRY OF DEFAULT AS TO DEFENDANT ABU NOAH INVESTMENTS, LLC** |

Plaintiff filed a First Amended Complaint ("FAC") in this action on September 18, 2019. (ECF No. 3.) Plaintiff attempted to move for entry of clerk default against Defendant ABU Noah Investments, LLC on November 19, 2019, which was denied by the Court because Plaintiff did not demonstrate that the FAC had been served on Defendant. (ECF Nos. 5, 6.)

On January 23, 2020, Plaintiff filed an executed summons indicating that the FAC had been served on ABU Noah Investments via substituted service under Cal. Civ. Proc. § 415.20(a); the summons and FAC had been left with the person in charge on January 15, 2020, and the papers were mailed on January 16, 2020 by first-class mail, postage prepaid to the person to be served. (ECF No. 9.) Service was therefore completed on January 26, 2020. *See* Fed. R. Civ. P. 4(e)(1), 4(h)(1)(A) (plaintiff may serve an individual by any means authorized by the law of the state in which the district court sits, and service of most

- 1 -

19cv1672

businesses by the same means); Cal. Civ. Proc. Code § 415.20(a) (substituted service on corporate entities deemed complete on the 10th day after mailing); *see also Cucci v. Edwards*, 510 F. Supp. 2d 479, 483 (C.D. Cal. 2007) (finding service complete against joined defendant 10 days after mailing of summons and complaint to defendant's agent under § 415.20(a)). Defendant ABU Noah Investments was therefore required to file a response to the FAC by February 18, 2020. *See* Fed. R. Civ. P. 12(a)(1) (a defendant must answer a complaint within 21 days after being served); Fed. R. Civ. P. 6(a)(1)(C). Plaintiff, however, requested entry of default against both Defendants ABU Noah Investments and 123 Broadway, LLC on February 11, 2020. (ECF No. 11.)

Entry of default is appropriate as to any party against whom a judgment for affirmative relief is sought that has failed to plead or otherwise defend as provided by the Federal Rules of Civil Procedure and where that failure is shown by affidavit or otherwise. *See* Fed. R. Civ. P. 55(a). Courts have the authority to set aside *sua sponte* an entry of default for good cause. *See Investcorp Retirement Specialist, Inc. v. Ohno*, Civ. No. 07-1304, 2007 WL 2462122, at *2 (N.D. Cal. Aug. 28, 2007). "The court's discretion is especially broad where . . . it is entry of default that is being set aside, rather than a default judgment." *O'Connor v. State of Nevada*, 27 F.3d 357, 364 (9th Cir. 1994) (quoting *Mendoza v. Wight Vineyard Mgmt.*, 783 F.2d 941, 945 (9th Cir. 1986)).

The Court finds that entry of default by the Clerk was premature because Plaintiff requested entry of default six days before ABU Noah Investment's 21-day time period to respond had expired. *See Ennova Research SRL v. BeeBell Inc.*, No. 16-CV-05114-KAW, 2017 WL 1739154, at *4 (N.D. Cal. May 4, 2017) (holding that the time allowed by law for responding to a complaint must expire before default can be entered). Good cause appearing, the Court therefore **SETS ASIDE** entry of default in this case as to Defendant ABU Noah Investments. Plaintiff may renew the request for entry of default as to ABU Noah Investments if the entity fails to timely respond to the FAC.

**IT IS SO ORDERED.**

**DATED: February 18, 2020**

Hon. Cynthia Bashant
United States District Judge